UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| KEVIN AGARPAO,<br><br>    Plaintiff,<br><br>v.<br><br>NEWREZ LLC d/b/a SHELLPOINT MORTGAGE,<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT 2:26-cv-00557<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** KEVIN AGARPAO ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of NEWREZ LLC d/b/a SHELLPOINT MORTGAGE ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 *et seq.*, in connection with Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Eastern District of Pennsylvania, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Pennsylvania.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age, who, at all times relevant, resided in the Stanwood, Washington.

5. Defendant is a United States residential mortgage company that operates as both a mortgage lender and servicer. Defendant maintains its principal place of business located at 1100 Virginia Drive, Suite 125 Fort Washington, Pennsylvania 19034.

## FACTS SUPPORTING CAUSE OF ACTION

6. Prior to events giving rise to this action, Plaintiff initiated a Chapter 7 bankruptcy proceeding on October 23, 2013, in the United States Bankruptcy Court for the Western District of Washington, under Case Number 13-19329.

7. Within his bankruptcy filings, Plaintiff listed his primary residence located in Arlington, Washington ("subject property") which was secured by a mortgage serviced by Specialized Loan Servicing ("SLS"), account number ending in 9786, with an outstanding balance of approximately $394,211 ("subject account").

8. Plaintiff did not reaffirm this mortgage debt in the bankruptcy. On January 29, 2014, Plaintiff received a discharge of debts pursuant to Chapter 7, thereby relieving him of personal liability on the mortgage loan.

9. Following the bankruptcy discharge, Plaintiff vacated the subject property, but his ex-wife remained in possession and subsequently defaulted on the mortgage payments. No loan modification, refinance, or reaffirmation agreement was executed after the bankruptcy discharge.

10. The mortgage servicing rights were transferred multiple times, ultimately residing with Defendant and its special servicing division, Shellpoint Mortgage Servicing.

11. Subsequent to the bankruptcy discharge and the servicing transfers, the mortgage loan was removed from Plaintiff's credit reports, enabling him to purchase another home, on which he remains current with all payments.

12. For several years, no adverse or open mortgage account associated with the Arlington subject property appeared on Plaintiff's consumer credit reports.

13. In or around early April 2025, Plainitff discovered that Defendant had reappeared as a creditor with an open balance on his Experian credit report.

14. In response, Plaintiff submitted online disputes to Experian challenging the accuracy of this reporting.

15. Upon information and belief, Defendant received notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with Experian. *See* 15 U.S.C. § 1681i(a)(2).

16. On April 16, 2025, Experian completed its reinvestigation and verified the information as accurate, reflected in report number 0256-9444-62.

17. Soon thereafter, on May 20, 2025, Plaintiff obtained an Experian credit report showing the account identified as "NR/SMS/Cal Mortgage," with account number 100623xxxx, reflecting a balance of $359,145 and a monthly payment of $1,924, updated as of March 31, 2025. The report also indicated a late payment in December 2024, occurring post-bankruptcy discharge.

18. Any reasonable investigation by Defendant would have revealed the materially misleading nature of the information on Plaintiff's consumer credit report.

19. Specifically, Defendant continued to report the subject account to Plaintiff's Experian credit file, after Plaintiff communicated and notified Experian and Defendant that the subject account was included in his Order of Discharge.

20. Plaintiff's credit score had experienced a significant decline as a result of the inaccurate reporting on the subject account by Defendant.

21. To this date, Defendant continues to inaccurately report the subject account as to Plaintiff's Experian credit file.

22. The reporting of the subject account trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff is still obligated to pay the subject account, despite the subject account being including in Plaintiff's bankruptcy discharge. Plaintiff is no longer personally liable on the subject account by virtue of his bankruptcy discharge.

### IMPACT OF INCORRECT REPORTING ON PLAINTIFF'S CREDIT FILE

23. As of today, Defendant's erroneous reporting continues to paint a false and damaging image of Plaintiff. Defendant has yet to update its reporting to accurately reflect the discharged status of the subject account.

24. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, credit capacity, and his ability to move forward after his bankruptcy discharge.

25. The inaccurate and incomplete reporting of subject account continue to have significant adverse effects on Plaintiff's credit rating because it creates a false impression that Plaintiff is still obligated to pay the subject account, rendering Plaintiff a high-risk consumer and damaging his creditworthiness.

26. The inaccurate reporting of the subject account caused Plaintiff to be denied of financing opportunities.

27. As a result of the conduct, actions, and inaction of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit opportunity, time expended meeting with his attorneys, tracking the status of his dispute, monitoring his credit file, and mental and emotional pain and suffering.

28. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting.

### COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

31. Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

32. Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. § 1681a(t).

33. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by § 1681a(d)(1).

34. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian, and Plaintiff.

35. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information, provided by Experian, and Plaintiff pursuant to 15 U.S.C. § 1681i(a)(2).

36. Had Defendant reviewed the information provided by Experian, and Plaintiff, it would have corrected the inaccurate designation of the subject account, transmitting the correct

information to Experian. Instead, Defendant wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

37. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the complete results of the investigation or reinvestigation of Plaintiff's dispute with Experian.

38. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian after being put on notice and discovering inaccurate, incomplete, and misleading reporting with respect to the subject account.

39. Defendant violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information from appearing and reappearing on Plaintiff's credit file.

40. Defendant failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of Plaintiff's dispute from Experian under 15 U.S.C. § 1681i(a)(1).

41. Despite the blatantly obvious errors in Plaintiff's credit file, and Plaintiff's efforts to correct the errors, Defendant did not correct the errors or the trade line to report accurately and completely. Instead, Defendant wrongfully furnished and re-reported the inaccurate, incomplete and misleading information after Plaintiff's dispute to one or more third parties.

42. Moreover, Defendant failed to report the subject account as discharged in bankruptcy.

43. A reasonable investigation by Defendant would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information continues to be reported in Plaintiff's credit file.

44. Had Defendant taken steps to investigate Plaintiff's valid dispute or Experian's request for investigation, it would have permanently corrected the erroneous, incomplete, and materially misleading credit reporting. Plaintiff provided all relevant information to support his valid dispute in his requests for investigation. Furthermore, Plaintiff's bankruptcy information is public record that is widely available and easily accessible.

45. By deviating from the standards established by the FCRA, Defendant acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

46. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff KEVIN AGARPAO, respectfully requests this Honorable Court enter judgement in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o; and

      g.      Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: January 28, 2026                                                   Respectfully Submitted,

                                                                         */s/ Alexander J. Taylor*
                                                                         Alexander J. Taylor, Esq.
                                                                         *Counsel for Plaintiff*
                                                                         Sulaiman Law Group, Ltd.
                                                                         2500 South Highland Ave., Suite 200
                                                                         Lombard, Illinois 60148
                                                                         (630) 575-8181 (phone)
                                                                         ataylor@sulaimanlaw.com